IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**CORY D. BRADLEY**                                                                 **PETITIONER**

VS.                             No. 2:11CV00120 DPM/HDY

**T.C. OUTLAW, Warden,**
**FCI – Forrest City**                                                              **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Cory D. Bradley, an inmate in the custody of FCI – Forrest City, filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2241. Mr. Bradley claims that he was wrongfully convicted of prison disciplinary charges in 2010 for possession, manufacture, or introduction of a sharpened instrument. He seeks the return of lost good time due to the disciplinary convictions, and asks that the incident report be removed from his records.

The respondent moves to dismiss the current petition, citing 28 U.S.C. § 2244(a), which provides, in pertinent part, that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined . . . on a prior application for a writ of habeas corpus,

except as provided in section 2255." 28 U.S.C. §2255(h) provides that a second or successive motion must "be certified . . . by a panel of the appropriate court of appeals . . ." Therefore, before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Mr. Bradley previously filed a petition for writ of habeas corpus with this Court. See *Bradley v. Outlaw*, Case No. 2:11CV00072. Judgment on the merits was entered in the earlier case on July 1, 2011.

The statutory language is clear that permission must be received before the filing of the successive petition with the district court. As a result, we recommend that the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __17__ day of August, 2011.

_____
United States Magistrate Judge